PAUL M. GLEASON State Bar No.: 155569
BRANDYN E. STEDFIELD State Bar No.: 225357
GLEASON & FAVAROTE, LLP
835 Wilshire Blvd., Suite 200
Los Angeles, California 90017
Telephone: (213) 452-0510
Facsimile: (213) 452-0514
pgleason@gleasonfavarote.com
bstedfield@gleasonfavarote.com

Attorneys for Defendants
Corrections Corporation of America and
CCA of Tennessee, LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM ROZIER, | Case No. **'13CV1401 JAH  KSC** |
| Plaintiff, | State Court Case No. 37-2013-00047523-CU-WT-NC |
| vs. | |
| CORRECTIONS CORPORATION OF AMERICA, CCA OF TENNESSEE LLC, OFFICER C. LEACH, OFFICER D. WILLIAMS, OFFICER R. STRIBLING AND DOES 1-25, INCLUSIVE, | **NOTICE OF REMOVAL TO FEDERAL COURT OF DEFENDANTS CORRECTIONS CORPORATION OF AMERICA AND CCA OF TENNESSEE, LLC** |
| Defendants. | |

///
///
///
///
///
///
///

## TABLE OF AUTHORITIES

State Cases

Etter v. Veriflo Corp.
    67 Cal. App. 4th 457 (1998)..................................................................5

Jones v. Dep't. of Corrections and Rehabilitation
    152 Cal. App. 4th 1367 (2007)..............................................................5

Lyle v. Warner Bros. Television Productions
    38 Cal. 4th 264 (2006).............................................................................5

Statutes

28 U.S.C. section 1332........................................................................................1, 2

28 U.S.C. section 1441........................................................................................1, 2

28 U.S.C. section 1446(d)........................................................................................9

Federal Cases

Aucino v. Amoco Oil Co.
    871 F. Supp. 332 (S.D. Iowa 1994).....................................................8

Boyle v. Lorimar Productions, Inc.
    13 F.3d 1357 (9th Cir. 1994)..................................................................8

Burden v. General Dynamics Corp.
    60 F.3d 213 (5th Cir. 1995)....................................................................6

Davenport v. Mutual Ben. Health & Acc. Ass'n
    325 F.2d 785 (9th Cir. 1963)..................................................................7

Destifino v. Reiswig
    630 F.3d 952 (9th Cir. 2011)..................................................................3

Galt G/S v. JSS Scandinavia
    142 F.3d 1150 (9th Cir. 1998)............................................................6, 8

Gossmeyer v. McDonald
    128 F3d 481 (7th Cir. 1997)..................................................................3

Hunt v. Washington State Apple Advertising Comm'n 432 U.S. 333 (1977)........6

Lucett v. Delta Airlines, Inc.
    171 F.3d 295 (5th Cir. 1999)..................................................................6

McCabe v. General Foods Corp.
    811 F.2d 1336 (9th Cir. 1987)................................................................3

Morris v. Princess Cruises, Inc.
    236 F.3d 1061 (9th Cir. 2001)................................................................3

Northern Ill Gas Co. v. Airco Industrial Gases
    676 F.2d 270 (7th Cir. 1982) .................................................................................. 3

Ramirez v. Salvation Army
    2008 U.S. Dist. LEXIS 17480 (N.D. Cal 2008) ...................................................... 5

Richmond v. Allstate Ins. Co.
    897 F. Supp. 447 (S.D. Cal. 2003) ........................................................................ 8

Sanchez v. Monumental Life Ins. Co.
    95 F.3d 856 (9th Cir. 1996) .................................................................................. 6

Simmons v. PCR Technology
    209 F. Supp. 2d 1029 (N.D. Cal. 2002) ............................................................ 7, 9

Stevens v. County of San Mateo
    2006 U.S. Dist. LEXIS 12498 (N.D. Cal. 2006) ................................................... 5

United Computer Systems, Inc. v. AT&T Corp.
    298 F.3d 756 (9th Cir. 2002) ................................................................................ 4

White v. FCI USA, Inc.
    319 F.3d 672 (5th Cir. 2003) ................................................................................ 7

Zogbi v. Federated Dept. Store
    767 F.Supp. 1037 (C.D. Cal. 1991) ................................................................... 3, 4

**TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, PLAINTIFF AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. sections 1332, 1441 and 1446, defendants Corrections Corporation of America and CCA of Tennessee, LLC ("Defendants") hereby remove the state court action described herein from the Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California, and in furtherance of this removal aver as follows:

1. <u>Diversity Jurisdiction</u>. This action is one over which this Court has original jurisdiction under 28 U.S.C. section 1332 and is one which may be removed by Defendants pursuant to 28 U.S.C. section 1441. This is a civil action where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

2. Venue is proper in this court because this is the district court of the United States for the district and division embracing the place where the state action is pending. 28 U.S.C. § 1441(a).

3. On or about May 6, 2013, plaintiff Kim Rozier ("Plaintiff") filed a complaint entitled <u>Kim Rozier vs. Corrections Corporation of America, CCA of Tennessee, LLC, Officer C. Leach, Officer D. Williams, Officer R. Stribling, and Does 1-25, Inclusive,</u> Case No. 37-2013-00047523-CU-WT-NC, in the Superior Court for the state of California, County of San Diego (the "Complaint"), wherein Plaintiff alleges the following causes of action: (1) employment discrimination based on gender and race in violation of FEHA; (2) gender harassment in violation of FEHA; (3) retaliation in violation of FEHA; (4) failure to prevent discrimination, harassment and retaliation in violation of FEHA; (5) failure to provide meal periods or compensation in lieu thereof; (6) failure to provide rest periods or compensation in lieu thereof; and (7) failure to timely pay final wages.

4. Defendants were served with the Summons and Complaint on May 15, 2013. True and correct copies of the Summons and Complaint, Notice of Case Management Conference, Information about Alternative Dispute Resolution, and ADR Stipulation and Order Form served on each defendant are attached hereto as Exhibit "A," which documents comprise all process, pleadings, and orders served on Defendants in this matter.

5. To Defendants' knowledge, Officer C. Leach, Officer D. Williams and Officer R. Stribli, who as discussed below are "sham defendants," have not been served with the Summons and Complaint as of the date of the filing of this Notice of Removal.

6. On June 13, 2013, Defendants filed an Answer to Plaintiff's Complaint in San Diego Superior Court. A true and copy of the Answer is attached hereto as Exhibit "B."

7. There is complete diversity of citizenship between Plaintiff and Defendants. At the time that she filed her complaint Plaintiff was a citizen of the state of California. (Declaration of Phil Prather ("Prather Decl."), para. 3.)

8. Defendant Corrections Corporation of America was at the time of the filing of this action, and still is, a corporation incorporated under the laws of the State of Maryland, with its principal place of business in the State of Tennessee. (Declaration of Susan Lindsey ("Lindsey Decl."), para. 4.) Defendant CCA of Tennessee, LLC was at the time of the filing of this action, and still is, a corporation incorporated under the laws of the state of Tennessee, with its principal place of business in Tennessee. (Lindsey Decl., paras. 2-3.) Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." Accordingly, Defendants are not citizens of the State of California. The citizenship of fictitiously-named "Doe" defendants is to be disregarded for the purposes of removal. 28 U.S.C. § 1441(a).

9. Officer C. Leach, Officer D. Williams and Officer R. Stribling have not been served with the Summons and Complaint in this lawsuit as of the date of filing of this notice of removal, and therefore, are not required to join in this notice of removal. Destifino v. Reiswig, 630 F.3d 952, 957 (9th Cir. 2011) (co-defendants not properly joined need not join); Northern Ill Gas Co. v. Airco Industrial Gases, 676 F.2d 270, 272 (7th Cir. 1982). A defendant who has been served or who has otherwise acquired notice of a state court action need not seek out and notify codefendants who have not yet been served to ask them to join in the removal. See Gossmeyer v. McDonald, 128 F3d 481, 489 (7th Cir. 1997).

10. Thus, the only properly served defendants – Corrections Corporation Of America and CCA Of Tennessee LLC – consent to this removal. Because these two entities are not citizens of the State of California, diversity exists.

11. Alternatively, even if the remaining defendants were served at the time of removal, although Officer C. Leach, Officer D. Williams and Officer R. Stribling, are named as individual defendants on the face of the complaint (Complaint, para. 4), the allegations against these purported individual defendants demonstrate that each individual is a "sham defendant" who plaintiff fraudulently joined in this action merely to avoid diversity jurisdiction. A non-diverse defendant who has been fraudulently joined cannot serve to defeat removal based on diversity between the proper parties. Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987); Zogbi v. Federated Dept. Store, 767 F.Supp. 1037, 1339 (C.D. Cal. 1991). Such fraudulently joined "sham defendants" are disregarded for purposes of subject matter jurisdiction, making the Court's exercise of diversity jurisdiction proper. McCabe, 811 F.2d at 1339 (individual defendants in suit for, inter alia, wrongful termination and IIED were fraudulently joined and did not prevent

removal); Zogbi, 767 F.Supp. at 1041 (individual employees were sham defendants whose presence did not destroy diversity).

12. A fraudulently joined defendant is not required to join the notice of removal. United Computer Systems, Inc. v. AT&T Corp., 298 F.3d 756, 762 (9th Cir. 2002).

13. The three individual defendants were evidently joined in this lawsuit as sham defendants exclusively for the purpose of avoiding this court's diversity jurisdiction over this matter. Of the seven causes of action alleged in the complaint, the only one asserted against the individual defendants is the second one for gender harassment. (Complaint, page 9, line 12 to page 11, line 8.) Significantly, according to Plaintiff's complaint, the three individual defendants were all subordinates of Plaintiff. (Complaint, paras. 12 and 15.) The allegations of alleged harassment by these three subordinates of Plaintiff consist of the following:

  a. "Plaintiff was repeatedly told by them that she could not handle the job;"
  b. "the officers would not relieve plaintiff from the unit to go on breaks, or go to the restroom, causing her on an average of four time [sic] a week, to have her lunch break more than 5 hours into her shift and causing her to urinate on herself on a few occasions;"
  c. making "false complaints about [Plaintiff's] performance;"
  d. refusing to help Plaintiff when she requested it;
  e. setting Plaintiff up for failure; and
  f. "continually" disobeying plaintiff's instructions.

(See, Complaint, para. 15.)

14. Plaintiff's harassment claim against the three individual defendants fails because her complaint does not allege any facts regarding these three individuals that could conceivably be deemed sufficiently "severe or pervasive" to support a harassment claim under the FEHA.

4.

15. Plaintiff cannot recover for alleged harassment that is "occasional, isolated, sporadic, or trivial;" rather, she must show a "concerted pattern of harassment of a repeated, routine, or a generalized nature." Lyle v. Warner Bros. Television Productions, 38 Cal. 4th 264, 283 (2006). "[W]hen the harassing conduct is not severe in the extreme, more than a few isolated incidents must have occurred to prove a claim based on working conditions." Id. at 284.

16. Plaintiff's complaint contains no allegations regarding the three individual defendants that could possibly be construed as a "concerted pattern of harassment." In fact, in numerous cases, courts have held that conduct similar to or even more egregious than the conduct alleged here is not sufficiently "severe or pervasive" to support a claim for harassment. See, e.g., Jones v. Dep't. of Corrections and Rehabilitation, 152 Cal. App. 4th 1367, 1375-1379 (2007) (plaintiff failed to state claim for gender harassment based on her allegations that male coworkers criticized her without reason; treated her in a hostile manner on a daily basis; refused to respond to her calls for assistance; falsely accused her of misconduct; intentionally misled her into believing she was responsible for working expanded areas; treated her inmate crews more harshly than their own crews; and ordered her to do paperwork in another room because she couldn't get along with them); Ramirez v. Salvation Army, 2008 U.S. Dist. LEXIS 17480, *63-64 (N.D. Cal 2008) (concluding that a supervisor who yelled comments like "Young people work faster!," "I need a more energetic staff!," And [you're] getting old" in the plaintiff's presence and in front of customers was "insufficiently severe and pervasive so as to create an abusive working environment"); Stevens v. County of San Mateo, 2006 U.S. Dist. LEXIS 12498, *14-15 (N.D. Cal. 2006) (supervisor's comments that the plaintiff was "an old lion and in my country we kill old Lyons" and that he was an "old barking dog" and a "stupid old man making up rules" were "neither sufficiently severe or pervasive to constitute an actionable hostile work environment claim"); Etter v. Veriflo Corp., 67 Cal. App. 4th 457, 463 (1998) (calling the African-

American plaintiff "boy" on a daily basis, "Buckwheat" between five and 10 times, "Aunt Jemima" twice on one day, "Stymie" once or twice, making jokes about black girls, commenting on the O.J. Simpson trial, and declaring dislike of traveling to an area because of the violence by blacks was not severe or pervasive).

17. Because Plaintiff can state no cause of action for harassment against any of the three individual defendants, the residency of the individual defendants must be ignored. Burden v. General Dynamics Corp., 60 F.3d 213, 218 (5th Cir. 1995) (ignoring residency of supervisor fraudulently joined to defeat diversity jurisdiction because he could not be held liable as a matter of law for IIED claim).

18. Amount In Controversy. This is a case in which the amount in controversy exceeds $75,000, exclusive of interest and costs. Where (as here) the complaint does not allege a damage amount as to each claim, removal is proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the claims exceed $75,000. Sanchez v. Monumental Life Ins. Co., 95 F.3d 856, 860 (9th Cir. 1996); Lucett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999). In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including emotional distress damages, punitive damages, statutory penalties, and attorneys' fees. Hunt v. Washington State Apple Advertising Comm'n, 432 U.S. 333, 347-48 (1977); Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1155-56 (9th Cir. 1998); Anthony v. Security Pac. Fin'l Services, Inc., 75 F.3d 311, 315 (7th Cir. 1996).

19. Plaintiff's Complaint seeks general and special damages, punitive damages, attorneys' fees and costs, and damages for emotional distress and other penalties. (See Complaint, ¶¶ 42, 43, 44, 45, 51, 52, 53, 54, 55, 60, 61, 62, 63, 67, 69, and Prayer, page 17, line 2- page 18, line 3.)

20. On her last day of work at the California City Facility, Plaintiff's hourly rate as a Correctional Officer was $29.73 per hour, which works out to approximately $61,838 on an annualized basis (2,080 hours), not including overtime.

(Prather Decl., ¶ 6.) Plaintiff's employment was terminated on or about December 6, 2012. (Prather Decl., ¶ 4.) To date, Plaintiff's past economic damages (excluding mitigation earnings, if any) are approximately $30,918. In addition to salary, Plaintiff also received paid medical benefits, valued at $142, per month, which equates to approximately $852 to date. (Prather Decl., ¶ 7.) If the case proceeds to trial, assuming trial commences one year from the filing of the notice of removal, the economic damages alone will amount to approximately $95,310 – far in excess of the jurisdictional threshold. In addition to $95,310 in lost wages, she could recover reasonable interest at an annual rate of ten percent (10%), pursuant to state law.

21. Plaintiff also seeks emotional distress damages, which should also be considered by the Court in the amount of controversy analysis. (See Complaint, ¶¶ 43, 53, 61, 67, and Prayer, page 17, lines 25 to 26.) In fact, in cases such as the instant action, the amount in controversy may be satisfied by the pleading of several different types of damages in the complaint, even though the exact dollar amount of such damages is not estimated by the removing party. See Simmons v. PCR Technology, 209 F. Supp. 2d 1029, 1031-35 (N.D. Cal. 2002) (finding that the plaintiffs alleged lost income of $25,600 at the time of removal included with unspecified amounts for medical expense damages, emotional distress damages, punitive damages and attorneys' fees anticipated to incur through trial, satisfy the amount in controversy required to establish diversity jurisdiction); White v. FCI USA, Inc., 319 F. 3d 672, 674 (5th Cir. 2003) (a wrongful termination claim including a "lengthy list of compensatory and punitive damages" including loss of pay, impaired earning capacity, emotional distress, etc. combined with a claim for attorney fees and punitive damages, was sufficient to exceed the $75,000 minimum amount in controversy required to establish diversity jurisdiction).

22. Punitive damages are also included in calculating the amount in controversy if they are recoverable under state law. Davenport v. Mutual Ben. Health & Acc. Ass'n, 325 F.2d 785, 787 (9th Cir. 1963); see also Richmond v.

Allstate Ins. Co., 897 F. Supp. 447, 450 (S.D. Cal. 2003). In her Complaint, Plaintiff alleges that Defendants' alleged acts were "willful, oppressive, malicious and fraudulent, and were done in conscious disregard of the rights of PLAINTIFF, in that DEFENDANTS' act of discrimination was done with intent to injury PLAINTIFF … ." (Complaint, ¶¶ 45, 55, 63, 68, 69, and Prayer, page 18, line 7.) If Plaintiff succeeds in establishing these allegations, she would be entitled to punitive damages under California Civil Code section 3294. California law does not provide specific monetary limitations on the amount of punitive damages that may be awarded under said statute. Rather, the proper amount of punitive damages is determined based on the reprehensibility of the defendant's misdeeds – the ratio between compensatory and punitive damages, and the ratio between damages and defendant's net worth. Boyle v. Lorimar Productions, Inc., 13 F.3d 1357, 1359-60 (9th Cir. 1994). Indeed, some courts have recognized that an award for punitive damages can be significant, and that in some cases, a punitive award itself could establish the amount in controversy. See, e.g., Aucino v. Amoco Oil Co., 871 F. Supp. 332, 334 (S.D. Iowa 1994) (concluding in a discrimination and wrongful termination case that the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct, and thus, the plaintiff's claim for punitive damages could alone exceed the jurisdictional minimum). Defendants vigorously deny Plaintiff's allegations, but if Plaintiff were to prevail on one of her claims and establish the necessary prerequisites to impose punitive damages on Defendants, an award of punitive damages alone could exceed the jurisdictional minimum.

23.   Plaintiff also seeks attorneys' fees. (Complaint, paras. 44, 54, 62, and Prayer, page 18, line 2.) These potential fees constitute additional grounds for finding that the instant action presents an amount in controversy in excess of $75,000. The Ninth Circuit has held that attorneys' fees may be included in the amount in controversy if recoverable by statute or contract. Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1156 (9th Cir. 1998). The court in the case of Simmons

v. PCT Technology, 209 F. Supp. 2d 1029, 1034-35 (N.D. Cal. 2002) stated that "[attorneys' fees] necessarily accrue until the action is resolved," and thus, the Ninth Circuit [in Galt] must have anticipated that district courts would project fees beyond removal." As such, the Simmons court held that the "measure of [attorneys'] fees should be the amount that can reasonably be anticipated at the time of removal, not merely those already incurred." In fact the court in Simmons noted that in its experience, "attorneys' fees for individual discrimination cases often exceed the damages."

24. Even a conservative estimation of attorneys' fees in an employment case claiming statutory fees would support an amount in controversy that exceeds the jurisdictional minimum. See, e.g., Lefkir v. Rancho Los Amigos/County of Los Angeles, BC 412351 (2010) (court awards plaintiff's attorney's fees in the amount of $171,918). Thus, Plaintiff's attorneys' fees (a figure which will necessarily accrue until the action is resolved), also establishes that the instant action presents an amount in controversy in excess of $75,000.

25. In short, the combination of Plaintiff's claim for economic damages, emotional distress damages, punitive damages and attorneys' fees make it clear that the instant action presents an amount in controversy in excess of $75,000. Although Defendants deny that Plaintiff is entitled to recover any damages in this matter, based on a conservative good-faith estimate of the value of the claims of this action, if Plaintiff prevails on each of her causes of action the amount in controversy requirement is satisfied.

26. As required by 28 U.S.C. section 1446(d), this Notice is filed within 30 days after Defendant was first served with a copy of the Summons and Complaint.

27. As required by 28 U.S.C. section 1446(d), Defendants will give notice of this removal to Plaintiff through their attorneys of record.

28. As required by 28 U.S.C. section 1446(d), a copy of this Notice will be filed with the Superior Court of the State of California in and for the County of San

Diego.

WHEREFORE, having provided notice as is required by law, the above-titled action should be removed from the Superior Court for the County of San Diego to this Court.

Dated: June 14, 2013

GLEASON & FAVAROTE, LLP
PAUL M. GLEASON
BRANDYN E. STEDFIELD


By: /s/ Paul M. Gleason
　　　　Paul M. Gleason

Attorneys for Defendants Corrections Corporation of America and CCA of Tennessee, LLC

# PROOF OF SERVICE

I, Paul M. Gleason, declare:

I am and was at the time of the service mentioned in this declaration, employed in the County of Los Angeles, California. I am over the age of 18 years and not a party to the within action. My business address is Gleason & Favarote, LLP, 835 Wilshire Blvd., Suite 200, Los Angeles, CA 90017.

On June 14, 2013, I served a copy(ies) of the following document(s):
**NOTICE OF REMOVAL TO FEDERAL COURT OF DEFENDANTS CORRECTIONS CORPORATION OF AMERICA AND CCA OF TENNESSEE, LLC**
on the parties to this action by placing them in a sealed envelope(s) addressed as follows:

| Attorney | Party(ies) Served | Method of Service |
|---|---|---|
| Jack Perko, Esq.<br>LAW OFFICES OF JACK PERKO<br>26895 Aliso Creek Road, Ste. B66<br>Aliso Viejo, CA 92656<br>Tel: (818) 674-0948<br>Fax: (949) 916-1039 | Counsel for Plaintiff | CM/ECF System and First Class Mail |

☒ [BY MAIL] I placed the sealed envelope(s) for collection and mailing by following the ordinary business practice of Gleason & Favarote, LLP, Los Angeles, California. I am readily familiar with Gleason & Favarote, LLP's practice for collecting and processing of correspondence for mailing with the United States Postal Service, said practice being that, in the ordinary course of business, correspondence with postage fully prepaid is deposited with the United States Postal Service the same day as it is placed for collection.

☐ [BY OVERNIGHT COURIER] I caused the sealed envelope(s) to be delivered by a commercial carrier service for overnight delivery to the offices of the addressee(s).

☐ [BY HAND] I directed the sealed envelope(s) to the party(ies) so designated on the service list to be delivered by courier this date.

☐ [BY FACSIMILE TRANSMISSION] I caused said document to be sent by facsimile transmission to the fax number indicated for the party(ies) listed above.

☐ [BY ELECTRONIC TRANSMISSION] I caused said document to be sent by electronic transmission to the e-mail address indicated for the party(ies) listed above.

☒ [BY CM/ECF SYSTEM] I caused the above-referenced document(s) to be

1.
**PROOF OF SERVICE**

sent by electronic transmittal to the Clerk's Office using the CM/ECF System for filing which generated a Notice of Electronic Filing to the CM/ECF registrants in this case.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct, and that this declaration was executed on June 14, 2013, at Los Angeles, California.

/s/ Paul M. Gleason
Paul M. Gleason