UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM ROZIER,<br><br>          Plaintiff,<br>v.<br><br>CORRECTIONS CORPORATION OF AMERICA, *et. al.*,<br><br>          Defendants. | Civil No. 13cv1401 JAH (KSC)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br>**[Doc. No. 5]** |

## BACKGROUND

Plaintiff originally filed this action alleging employment discrimination in Superior Court of the State of California, County of San Diego on May 6, 2013. Plaintiff named Correction Corporation of America, CCA of Tennessee LLC, Officer C. Leach, Officer D Williams, Officer R. Stribling and Does 1 through 25 as defendants. On July 14, 2013, Defendants Corrections Corporation of American and CCA of Tennessee removed the action to federal court.

On July 2, 2013, Plaintiff filed a motion to remand the action to state court. Defendants filed an opposition and Plaintiff filed a reply. The matter was set for hearing but was taken under submission without oral argument.

## LEGAL STANDARD

The federal court is one of limited jurisdiction. See Gould v. Mutual Life Ins. Co. v. New York, 790 F.2d 769, 774 (9th Cir. 1986). As such, it cannot reach the merits of

any dispute until it confirms its own subject matter jurisdiction. See Steel Co. v. Citizens for a Better Environ., 523 U.S. 83, 93-94 (1998). Removal jurisdiction is governed by 28 U.S.C. § 1441 et seq. A state court action can be removed if it could have originally been brought in federal court. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Thus, a party invoking the federal removal statutes must establish jurisdiction by demonstrating the existence of: (1) a statutory basis; (2) a federal question; or (3) diversity of the parties. See Mir v. Fosburg, 646 F.2d 342, 345 (9th Cir. 1980). District courts must construe the removal statutes strictly against removal and resolve any uncertainty as to removability in favor of remanding the case to state court. Boggs v. Lewis, 863 F.2d 662, 663 (9th Cir. 1988). The burden is on the removing party to demonstrate federal subject matter jurisdiction over the case. See Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988).

Here, Defendants removed the action based upon diversity jurisdiction. To establish diversity jurisdiction, the defendant must show: (1) complete diversity among opposing parties; and (2) an amount in controversy exceeding $75,000. See 28 U.S.C. § 1332(a). The defendant has the burden of establishing that removal is proper and must support its jurisdictional allegations with competent proof. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*); Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990).

## DISCUSSION

Plaintiff moves to remand the action to state court on the grounds diversity jurisdiction does not exist and 28 U.S.C. Section 1445 bars removal.

**I. Diversity Jurisdiction**

Plaintiff maintains diversity does not exist because the individual defendants work and reside in the same state as Plaintiff. She further argues Defendants cannot carry their heavy burden of proof to demonstrate joinder of the individual defendants was improper. Plaintiff maintains her allegations of harassment under the Fair Employment and Housing

Act ("FEHA") against the individual defendants are sufficient to state a cause of action.

Defendants argue none of the individual defendants have been served and therefore, they do not destroy diversity jurisdiction. Defendants further argue the individual defendants have been fraudulently joined in an attempt to destroy diversity jurisdiction.

Pursuant to 28 U.S.C. section 1441(b)(2), an action removed based upon diversity "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." While some district courts have determined, based upon the language of the statute, that removal is proper if the in-state defendants have not been served at the time of removal, Cucci v. Edwards, 510 F.Supp.2d 479 (C.D.Cal. 2007); Boles v. Courvoisier, 2012 WL 1997214 (N.D.Cal. 2012), the Ninth Circuit has rejected the argument that section 1441(b) expands diversity jurisdiction to permit removal when the non-diverse parties have not been served. Preaseau v. Prudential Ins. Co. of America, 591 F.2d 74 (9th Cir. 1979) (citing Clarence E. Morris, Inc. v. Vitek, 412 F.2d 1174 (9th Cir. 1969)). "Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service." Vitek, 412 F.2d at 1176.

As such, Plaintiff's naming of the individual defendants in the state court action precludes a finding in favor of diversity jurisdiction unless the non-diverse individual defendants were fraudulently joined. A federal court may disregard a non-diverse party named in the state court action if the court finds that the "plaintiff fail[ed] to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001)(citing McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). Thus, the relevant inquiry before the Court in deciding whether joinder was fraudulent is whether there is any possibility the plaintiff will be able to establish liability against the party in question. Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318-19 (9th Cir. 1998). Courts generally apply a presumption against fraudulent joinder. Hamilton Material, Inc.

v. Dow Chemical Corp., 494 F.3d 1203, 1206 (C.D. Cal. 1998). The removing defendant bears a heavy burden of proving that the non-diverse party's joinder was fraudulent. See id.

Plaintiff alleges the individual defendants engaged in a pattern of gender harassment in violation of the FEHA. To state a claim for harassment under the FEHA, a plaintiff must allege: (1) she is a member of a protected group; (2) she was subjected to harassment because she belonged to the group; and (3) the harassment was so severe or pervasive that it created a hostile work environment. Lawler v. Montblanc North America, LLC, 704 F.3d 1235, 1244 (9th Cir. 2013). The harassment must be severe in the extreme or sufficiently pervasive enough to create a hostile or abusive work environment. Hughes v. Pair, 46 Cal.4th 1035, 1043 (2009). "There is no recovery for harassment that is occasional, isolated, sporadic, or trivial." Id. (Citing Lyle v. Warner Bros. Television Productions, 38 Cal.4th 264, 283 (2006)). Additionally, the harassment must consist of "actions outside the scope of job duties which are not of a type necessary to business and personnel management." Lawler, 704 F.3d at 1244. "The existence of a hostile work environment depends on the totality of the circumstances and must be both objectively and subjectively offensive." Hughes, 46 Cal.4th at 1044 (internal quotations omitted).

Plaintiff alleges she worked as a correctional counselor at the county detention facility in Otay Mesa supervising male inmates along with Defendants Leach, Williams and Stribling who were her subordinates. Complaint ¶¶ 4, 12. She alleges Defendants Leach, Williams and Stribling subjected her to a pattern of harassment, including: (1) being repeatedly told she could not handle the job; (2) not relieving Plaintiff from the unit to go on breaks or to the restroom; (3) causing her on average of four times a week to have her lunch break more than 5 hours into her shift and causing her to urinate on herself on a few occasions; (4) making false complaints about her performance; (5) refusing to provide her help when she requested it; (6) setting her up for failure; and (7) continually disobeying her instructions. Id. ¶ 15. She further alleges Defendants would retaliate against her when she reported their disobedience "in various ways" including taking longer

lunch breaks to prevent her from taking her break until the end of the day. Id. ¶ 17. Plaintiff also alleges she was told she could not do the job because the officers would not listen to a women. Id. ¶ 21.

Based upon Plaintiff's allegations, the Court finds there is a possibility Plaintiff may establish liability for harassment against the individual defendants. See Ritchey, 139 F.3d at 1318-19. Accordingly, Defendants fail to meet their burden to demonstrate the joinder of the non-diverse defendants was fraudulent. Diversity jurisdiction does not exist and remand is proper.

**II. 28 U.S.C. § 1445**

Because the Court finds the case shall be remanded for lack of diversity jurisdiction, it will not address Plaintiff's argument that section 1445 bars removal.

**CONCLUSION AND ORDER**

Based on the foregoing, IT IS HEREBY ORDERED Plaintiff's motion to remand is **GRANTED**. The action is remanded to state court.

DATED: August 12, 2013

JOHN A. HOUSTON
United States District Judge